# UNITED STATES DISTRICT COURT

for

## EASTERN DISTRICT OF NORTH CAROLINA
## WESTERN DIVISION

**U.S.A. vs. Amy Lee Snead**                    **Docket No. 5:09-CR-188-4H**

### Petition for Action on Supervised Release

COMES NOW Scott Plaster, probation officer of the court, presenting a petition for modification of the Judgment and Commitment Order of Amy Lee Snead, who, upon an earlier plea of guilty to Conspiracy to Manufacture, Distribute, and Dispense and Possess With Intent to Distribute 500 Grams or More of a Mixture and Substance Containing a Detectable Amount of Methamphetamine, in violation of 21 U.S.C. § 846, was sentenced by the Honorable Malcolm J. Howard, Senior U.S. District Judge, on March 10, 2010, to the custody of the Bureau of Prisons for a term of 24 months. It was further ordered that upon release from imprisonment the defendant be placed on supervised release for 60 months under the standard conditions adopted by the court and the following additional conditions:

1.    The defendant shall participate as directed in a program approved by the probation office for the treatment of narcotic addiction, drug dependency, or alcohol dependency which will include urinalysis testing or other drug detection measures and may require residence or participation in a residential treatment facility.

2.    The defendant shall participate in a program of mental health treatment, as directed by the probation office.

3.    The defendant shall consent to a warrantless search by a United States Probation Officer or, at the request of the probation officer, any other law enforcement officer, of the defendant's person and premises, including any vehicle, to determine compliance with the conditions of this judgment.

4.    While under supervision in the Eastern District of NC, the defendant shall participate in the DROPS Program and, in response to detected illegal drug use, shall be confined in the custody of the Bureau of Prisons for a period not to exceed 30 days of intermittent confinement, as arranged by the probation office, in the following increments: First Use - Two Days; Second Use - Five Days; Third Use - Ten Days.

5.    The defendant shall cooperate in the collection of DNA as directed by the probation officer.

Amy Lee Snead was released from custody on February 28, 2011, at which time the term of supervised release commenced.

Upon release from prison, the defendant voluntarily agreed to participate in the HOPE Re-entry Court Program in Raleigh, North Carolina. On March 17, 2011, the defendant reported she had used methamphetamine. In response to the illegal drug use, the defendant completed a lengthy essay and written plan to prevent future use. It was recommended that the DROPS sanction of two days confinement be held in abeyance pending the defendant's ongoing participation in the HOPE Program and no further action was taken.

On May 23, 2011, the defendant tested positive for methamphetamine for the second time. She denied knowingly using methamphetamine at that time, however, she admitted associating with a known drug user she knew prior to her incarceration. As a result of the defendant testing positive for methamphetamine, she completed a five-day period of intermittent confinement.

## RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:

On October 17, 2011, the defendant submitted a drug screen at the probation office which tested positive for methamphetamine. She initially denied using illegal drugs, but contacted the probation officer a short time later and admitted she used methamphetamine. The defendant explained to the re-entry court team that she used drugs because she did not know how to deal with her ex-husband and her 13-year-old son telling her that son wished she would go back to prison and that he did not want to see his mother anymore in order to remove arguing from his home. While the defendant has sought the counsel of a local pastor, mental health counselor, and substance abuse counselor, the re-entry court team has recommended that, in addition to increasing her treatment requirements, the defendant be placed in a residential re-entry center for a period of 90 days, or as otherwise directed by the probation office. This will afford the defendant the opportunity to reside in a structured environment in an effort to gain a better understanding of her addiction and to gain control over the same. The defendant signed a Waiver of Hearing agreeing to the proposed modification of supervision.

**PRAYING THAT THE COURT WILL ORDER** that supervised release be modified as follows:

1. The defendant shall undergo placement in a residential reentry center for a period of 90 days, or as otherwise directed by the probation office and shall abide by the conditions of that program during said placement.

Except as herein modified, the judgment shall remain in full force and effect.

Reviewed and approved,

I declare under penalty of perjury that the foregoing is true and correct.

/s/Jeffrey L. Keller
Jeffrey L. Keller
Supervising U.S. Probation Officer

/s/Scott Plaster
Scott Plaster
U.S. Probation Officer
310 New Bern Avenue, Room 610
Raleigh, NC 27601-1441
Phone: (919) 861-8660
Executed On: October 20, 2011

**ORDER OF COURT**

Considered and ordered this _20th_ day of _October_, 2011, and ordered filed and made a part of the records in the above case.

Malcolm J. Howard
Senior U.S. District Judge