# UNITED STATES DISTRICT COURT

for

# EASTERN DISTRICT OF NORTH CAROLINA
# WESTERN DIVISION

U.S.A. vs. Amy Lee Snead                                Docket No. 5:09-CR-188-4H

## Petition for Action on Supervised Release

COMES NOW Maurice J. Foy, probation officer of the court, presenting a petition for modification of the Judgment and Commitment Order of Amy Lee Snead, who, upon an earlier plea of guilty to Conspiracy to Manufacture, Distribute, and Dispense and Possess With Intent to Distribute 500 Grams or More of a Mixture and Substance Containing a Detectable Amount of Methamphetamine, in violation of 21 U.S.C. § 846, was sentenced by the Honorable Malcolm J. Howard, Senior U.S. District Judge, on March 10, 2010, to the custody of the Bureau of Prisons for a term of 24 months. It was further ordered that upon release from imprisonment the defendant be placed on supervised release for 60 months under the standard conditions adopted by the court and the following additional conditions:

1. The defendant shall participate as directed in a program approved by the probation office for the treatment of narcotic addiction, drug dependency, or alcohol dependency which will include urinalysis testing or other drug detection measures and may require residence or participation in a residential treatment facility.

2. The defendant shall participate in a program of mental health treatment, as directed by the probation office.

3. The defendant shall consent to a warrantless search by a United States Probation Officer or, at the request of the probation officer, any other law enforcement officer, of the defendant's person and premises, including any vehicle, to determine compliance with the conditions of this judgment.

4. While under supervision in the Eastern District of NC, the defendant shall participate in the DROPS Program and, in response to detected illegal drug use, shall be confined in the custody of the Bureau of Prisons for a period not to exceed 30 days of intermittent confinement, as arranged by the probation office, in the following increments: First Use - Two Days; Second Use - Five Days; Third Use - Ten Days.

5. The defendant shall cooperate in the collection of DNA as directed by the probation officer.

Amy Lee Snead was released from custody on February 28, 2011, at which time the term of supervised release commenced.

Upon release from prison, the defendant voluntarily agreed to participate in the HOPE Re-entry Court Program in Raleigh, North Carolina. On March 17, 2011, the defendant reported she had used methamphetamine. In response to the illegal drug use, the defendant completed a lengthy essay and written plan to prevent future use. It was recommended that the DROPS sanction of two days confinement be held in abeyance pending the defendant's ongoing participation in the HOPE Program and no further action was taken.

On May 23, 2011, the defendant tested positive for methamphetamine for the second time. She denied knowingly using methamphetamine at that time, however, she admitted associating with a known drug user she knew prior to her incarceration. As a result of the defendant testing positive for methamphetamine, she completed a five-day period of intermittent confinement.

On October 17, 2011, the defendant again tested positive for methamphetamine. She eventually admitted to using the illegal substance and openly discussed recent emotional events surrounding her ex-husband and her 13-year-old son. The re-entry court team recommended that, in addition to increasing her treatment requirements, the defendant be placed in a residential re-entry center for a period of 90 days, or as otherwise directed by the probation office. This was designed to afford the defendant the opportunity to reside in a structured environment in an effort to gain a better understanding of her addiction. The court concurred with this recommendation.

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:**

On January 9, 2012, the defendant was unsuccessfully discharged from the residential re-entry center due to a technical violation (failing to return as scheduled/not contacting the re-entry center to advise of a need to extend her leave time). This incident stemmed from a child custody/child support hearing which took place on Friday, January 6, 2012, involving the defendant, her son, and her ex-husband. As a result of this hearing, Ms. Snead became emotionally distraught and suffered a panic attack later in the day. She reportedly attempted to call the re-entry center on one occasion but was unsuccessful and did not call back. She did have ample opportunity to report her situation to appropriate authorities but she did not do so. Snead accepts responsibility for this lack of action. Had Snead not been discharged from the re-entry center, she would have served another 15 days at that facility. The HOPE re-entry court team has thoroughly discussed the specifics relating to this situation and believes that an appropriate response, in addition to increased drug testing and intensified treatment services would be for the court to require her to be placed in the location monitoring program (home detention) for a period of 30 days. The defendant signed a Waiver of Hearing agreeing to the proposed modification of supervision.

Amy Lee Snead
Docket No. 5:09-CR-188-4H
Petition For Action
Page 3

 

       **PRAYING THAT THE COURT WILL ORDER** that supervised release be modified as follows:

1. The defendant shall abide by all conditions and terms of the home detention program for a period not to exceed 30 consecutive days. The defendant shall be restricted to her residence at all times except for pre-approved and scheduled absences for employment, education, religious activities, treatment, attorney visits, court appearances, court obligations or other activities as approved by the probation officer. The defendant shall wear an electronic monitoring device and follow electronic monitoring procedures specified by the probation officer. The defendant shall pay for electronic monitoring services as directed by the probation officer.

       Except as herein modified, the judgment shall remain in full force and effect.

| Reviewed and approved, | I declare under penalty of perjury that the foregoing is true and correct. |
|---|---|
| /s/Jeffrey L. Keller | /s/Maurice J. Foy |
| Jeffrey L. Keller | Maurice J. Foy |
| Supervising U.S. Probation Officer | U.S. Probation Officer |
| | 310 New Bern Avenue, Room 610 |
| | Raleigh, NC 27601-1441 |
| | Phone: (919) 861-8660 |
| | Executed On: January 12, 2012 |

## ORDER OF COURT

Considered and ordered this _12_ day of _January_, 2012, and ordered filed and made a part of the records in the above case.

_____
Malcolm J. Howard

Amy Lee Snead
Docket No. 5:09-CR-188-4H
Petition For Action
Page 4


Senior U.S. District Judge